# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRANSPORTATION INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MOTORISTS MUTUAL INSURANCE COMPANY, et al., <br><br> Defendant | CIVIL ACTION NO. 3:14-CV-01438 <br><br> (MEHALCHICK, M.J.) |

## MEMORANDUM OPINION

Before the Court is a motion for partial summary judgment filed by Plaintiffs Transportation Insurance Company, Continental Insurance Company, and Continental Casualty Company (collectively, "the Plaintiffs") against Defendant Motorists Mutual Insurance Company ("Motorists Mutual"). (Doc. 88). The movants assert they are entitled to a reimbursement of costs in the amount of $456,383.50, incurred as legal fees and costs in the defense of AAA Mid-Atlantic, Inc. ("AAA"), whom the Plaintiffs and Defendant mutually insured. (Doc. 88, at 2; Doc. 92, at 1).

## I.  BACKGROUND AND PROCEDURAL HISTORY

On May 19, 2011, the estate of Denise Polinchak filed suit in the Luzerne County Court of Common Pleas against Defendants AAA, JH Auto, and Robert Wickham after she was killed while receiving assistance for her broken down vehicle (the "underlying action"). (Doc. 90, at 1). The Plaintiffs brought the instant action seeking "a judicial determination of the coverage issues between the parties." (Doc. 88, at 2; Doc. 92, at 2). On April, 19, 2016, this Court found Motorists Mutual breached the duty to defend its insured, causing the Plaintiffs to

step in and undertake the defense obligations. (Doc. 82; Doc. 83). In so finding, the Court found Motorists Mutual was not alleviated of its duty to defend where the complaint contained at least one claim potentially within the scope of coverage, even though Motorists Mutual would also have to defend claims outside the scope of coverage. (Doc. 82, at 5-6).

The Plaintiffs now move for summary judgment on the issue of damages, asserting the right to reimbursement for fees and costs in defending AAA in the underlying action. (Doc. 88). The Plaintiffs have provided length billing summaries, invoices, and receipts in support of their motion. Motorists Mutual challenges the reasonableness and necessity of the fees incurred, asserting a right to conduct discovery on the reasonableness of the fees. (Doc. 92, ¶ 8).

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In making this

determination, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III.  DISCUSSION

Under Pennsylvania law,[1] "[a]n insurer's duty to defend an insured in litigation is broader than the duty to indemnify." *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999) (citing *Erie Ins. Exch. v. Claypoole,* 673 A.2d 348, 355 (Pa. Super. Ct. 1996)). "[W]hen an insured tenders multiple claims to an insurer for defense, the insurer is obligated to undertake defense of the entire suit so long as at least one claim is potentially covered by the policy." *Caplan v. Fellheimer Eichen Braverman & Kaskey,* 68 F.3d 828, 831 n. 1 (3d Cir. 1995).

> A. THE PLAINTIFFS MAY RECOVER FEES AND COSTS INCURRED DEFENDING THE INSURED FOLLOWING THE REFUSAL OF MOTORISTS MUTUAL TO PROVIDE DEFENSE.

"A failure without cause by an insurer to defend—whether willful or not—gives rise to a cause of action." *King v. Auto. Underwriters, Inc.*, 187 A.2d 584, 585 (Pa. 1963) (citing

---

[1] "There is no dispute that because jurisdiction in this case is predicated on diversity, the substantive law of the forum state—here being Pennsylvania—applies." (Doc. 82, at 5).

*Cadwallader v. New Amsterdam Cas. Co.*, 152 A.2d 484 (Pa. 1959)). "An insurer who refuses to defend its insured from the outset does so at its peril." *Aetna Cas. and Sur. Co. v. Roe*, 650 A.2d 94, 99 (Pa. Super. Ct. 1994). "The measure of recovery for a breach of this obligation is the cost of hiring substitute counsel and other costs of the defense." *King*, 187 A.2d at 585. See *Am. Contract Bridge League v. Nationwide Mut. Fire Ins. Co.*, 752 F.2d 71, 76 (3d Cir. 1985); *Gedeon v. State Farm Mut. Auto. Ins. Co.*, 188 A.2d 320, 322 (Pa. 1963). See also *Kiewit E. Co., Inc. v. L & R Const. Co., Inc.*, 44 F.3d 1194, 1205 (3d Cir. 1995) ("When an insurer erroneously denies its duty to defend, fulfillment of the duty requires the insurer to pay for any defense costs already incurred); *Imperial Cas. & Indem. Co. v. High Concrete Structures, Inc.*, 858 F.2d 128, 131 n.2 (3d Cir. 1988) ("[i]f an insurer has a duty to defend a suit and is requested to provide a defense, then that insurer is clearly obligated to pay fees and costs incurred by the insured in defending the suit," including reimbursing the insured for fees and costs already paid); *Pittsburgh Plate Glass Co. v. Fidelity & Cas. Co. of N.Y.*, 281 F.2d 538, 542 (3d Cir. 1960); *Carpenter v. Fed. Ins. Co.*, 637 A.2d 1008, 1013 (Pa. Super. Ct. 1994) ("If a duty to defend is found on the part of an insurer, it is also the insurer's responsibility to pay for attorneys' fees and costs incurred by the insured in the underlying action.").

Pennsylvania courts find the same measure of recovery extends to excess liability carriers asserting claims against primary insurers for a failure to defend. See *F.B. Washburn Candy Corp. v. Fireman's Fund*, 541 A.2d 771, 774 (Pa. Super. Ct. 1988); *Aetna Cas. & Sur.Co. Pers. Fin. Sec. Div. v. Hertz Corp.*, No. CIV.A. 91-5238, 1993 WL 276853, at *5 (E.D. Pa. July 21, 1993) ("It is well settled that where a secondary insurer defends an action it may seek recovery for both its costs and the amount of claim paid from a primary carrier that had the initial obligation to defend and hold harmless"). In *F.B. Washburn*, the Superior Court of Pennsylvania reversed a

trial court decision finding that an excess carrier providing the defense of an insured where the primary failed was merely protecting its own interests. 541 A.2d at 774. Instead, the Superior Court applied the doctrine of equitable subrogation, "which places the subrogee in the precise position of the one to whose rights and disabilities he is subrogated." *F.B. Washburn*, 541 A.2d at 774 (quoting *Allstate Ins. Co. v. Clarke*, 527 A.2d 1021, 1024 (Pa. Super. Ct. 1987)). The Court found the excess carrier's duty to defend "was activated under inappropriate circumstances." *F.B. Washburn*, 541 A.2d at 774. "The goal is to place the burden of the debt upon the person who should bear it." *F.B. Washburn*, 541 A.2d at 774 (quoting *Clarke*, 527 A.2d at 1023). "[U]nder the guidance of *Kelmo Enterprises v. Commercial Union Insurance Co.*," the Superior Court awarded the counsel fees incurred by the excess carrier in defense of the underlying action, before remanding for a ruling on whether attorney's fees for the declaratory judgment action were available due to bad faith by the primary insurer. *F.B. Washburn*, 541 A.2d at 774.

In *Kelmo*, the Superior Court of Pennsylvania affirmed the order of the trial court awarded attorney's fees to an insured forced to bring a declaratory judgment action against an insurer, following the insurer's bad faith refusal to defend a third party action brought against the insured. *Kelmo Enter., Inc. v. Commercial Union Ins. Co.*, 426 A.2d 680, 685. In the adopted opinion, Judge Hoffman eschewed the traditional American rule mandating a litigant pay their own expenses. *Kelmo*, 426 A.2d at 684. Instead, the Court found such a position "unfair," and stated that an insurer who "guessed wrong as to its duty[] should be compelled to bear the consequences thereof." *Kelmo*, 426 A.2d at 684 (quoting 7C J. Appleman, Insurance Law & Practice, § 4691 (Berdal ed. 1979)). "That is, the insured has a contract right to have actions against him defended by the insurer, *at its expense*." *Kelmo*, 426 A.2d at 684 (quoting Appleman) (emphasis added). Under the doctrine of subrogation, the excess carrier stepping into the shoes

of the insured is afforded the same right. See *F.B. Washburn*, 541 A.2d at 774. The doctrine of subrogation is grounded in principles of equity, whether expressly mentioned in a contractual relationship or not. See *Valora v. Pa. Emps. Benefit Trust Fund*, 939 A.2d 312, 320 (Pa. 2007). See also *Emp'rs. Ins. Of Wausau v. Commonwealth, Dep't of Transp.*, 865 A.2d 825, 831-32 (2005). Subrogation "is enforced solely for the purpose of accomplishing the ends of substantial justice[.]" *Jacobs v. Northeastern Corp.*, 206 A.2d 49, 53 (Pa. 1965) (quoting *Memphis & Little Rock R.R. v. Dow*, 120 U.S. 287, 301-02 (1887)).

Motorists Mutual argues a right to examine the reasonableness of the fees incurred through the use of discovery and that the Plaintiffs have not shown they mitigated their expenses. (Doc. 92, ¶ 8-9). Motorists Mutual states "only those defense fees and costs which are 'reasonable' must be reimbursed." (Doc. 92, at 5).[2] However, the cases cited for the proposition that fees are recoverable to the extent they are reasonable are cases where "conflicts of interest between an insurer and its insured arise[.]" See *PhotoMedex, Inc. v. St. Paul Fire & Marine Ins. Co.*, Civil Action No. 07-0025, 2008 WL 324025, at *19 (E.D. Pa. Feb. 6, 2008); *Rector, Wardens and Vestryman of St. Peter's Church in City of Phila. v. Am. Nat'l Fire Ins. Co.*, No. CIV.A. 00-2806, 2002 WL 59333, at *10 (E.D. Pa. Jan 14, 2002), *aff'd* 97 Fed. App'x 374, 378 (3d Cir. 2004); *Krueger Assoc's., Inc. v. ADT Sec. Sys.*, No. CIV.A. 93-1040, 1994 WL 709380, at *5 (E.D. Pa. Dec. 20, 1994). In all three cases, a reservation of rights clause created a conflict of interest between the insurer and insured, necessitating the appointment of independent counsel to represent the

---

[2] "*PhotoMedex, Inc. v. St. Paul Fire & Marine Ins. Co.*, 2008 U.S. Dist. LEXIS 8526 (E.D. Pa.), *29."

insured. That is not the case here, where Motorists Mutual voluntarily chose not to represent their insured. Had Motorists Mutual performed their contractual duty, Plaintiffs would not have incurred any expense in defending the insured in the underlying action. Once involved though, Plaintiffs had a duty to defend the insured vigorously, including making the strategic decisions necessary to obtain a favorable outcome on the insureds behalf. It is not of consequence that the defense provided by the Plaintiffs came at a higher cost than it might have if Motorists Mutual had provided the same. Accordingly, the Court finds that no right to conduct discovery on the reasonableness of the fees incurred exists, and Motorists Mutual is liable to the Plaintiffs for the fees and costs incurred in the defense of their mutual insured.

B. THE PLAINTIFFS WERE UNDER NO DUTY TO MITIGATE, AS MOTORISTS MUTUAL HAD EQUAL OPPORTUNITY TO REDUCE DAMAGES.

Further, Motorists Mutual's argument that the Plaintiffs failed to mitigate, or at least that a right exists to examine the extent they mitigated, is unavailing. While under general breach of contract principles a non-breaching party has a duty to mitigate the losses stemming from the breach, *see Bafile v. Borough of Muncy*, 588 A.2d 462 (Pa. 1991), an injured party is not obligated to mitigate damages when both it and the liable party have an equal opportunity to reduce damages. *Somerset Cmty. Hosp. v. Allan B. Mitchell & Assocs., Inc.*, 685 A.2d 141, 150 (Pa. Super. Ct. 1996); *see also Ripepi v. Am. Ins. Cos.*, 234 F.Supp. 156, 158 (W.D. Pa. 1964) ("Plaintiff was not required to employ the cheapest lawyer he could get, or solicit competitive bids to hire a starving, obscure young practitioner . . . [P]laintiff here was not obliged to shop around before retaining competent and capable counsel.").

By extension, an excess carrier in the shoes of an insured has no duty to mitigate upon the failure of a primary insurer to provide a defense, as both the excess and primary insurer has

equal opportunity to reduce damages. By refusing to provide a defense, as mandated by the contract and insurance principles, Motorists Mutual effectively waived its opportunity to reduce damage; the "peril" contemplated by *Cadwallader*. *Cadwallader v. New Amsterdam Cas. Co.*, 152 A.2d 484, 488 (Pa. 1959). The Plaintiffs had no duty to "mitigate" by hiring a cheaper counsel to represent them in the underlying action or to cut corners in the defense of their insured.

### IV. CONCLUSION

Based on the evidence available, the Plaintiffs have shown they expended $456,383.50 in defense of AAA, following the improper denial of a defense by Motorists Mutual. These fees and costs appear to be limited to the underlying action, and are recoverable by the Plaintiffs. The Plaintiffs have produced ample evidence that they in fact incurred the amount requested in defending AAA as a result of the improper refusal to defend by Motorists Mutual. Further, the Plaintiffs had no duty to mitigate or attempt to limit their expenditures in defending AAA. Accordingly, the Court finds summary judgment appropriate, as no genuine issue of material fact exists, and grants the motion for summary judgment.

An appropriate Order follows.

**Dated: January 9, 2017**            *s/ Karoline Mehalchick*
                                       **KAROLINE MEHALCHICK**
                                       **United States Magistrate Judge**